UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WALTER S. THOMAS,

     Plaintiff,

v.                                                                    Case No. 1:22cv155-AW-HTC

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Walter S. Thomas, a prisoner at Mayo Correctional Institution proceeding *pro se*, initiated this action on July 5, 2022, by submitting a document entitled "Motion for Action Order of Action by Magistrate" to prison mail officials for filing with the Court. ECF Doc. 1. The undersigned recommends the action be dismissed for Plaintiff's failure to prosecute and follow orders of the Court.

On July 21, 2022, the Court denied Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff to file a second motion to proceed *in forma pauperis* (or pay the filing fee) as well as an amended complaint on the Court's proper form, by August 22, 2022. ECF Doc. 4. The Court advised Plaintiff his failure to comply with the Court's Order could result in a recommendation that this case be dismissed.

*Id*.  Plaintiff ignored the Court's July 21 Order.  On August 31, 2022, the Court entered an order giving Plaintiff until September 14, 2022, to comply with the Court's prior orders or show cause why this case should not be dismissed due to his failure to comply with the Court's July 21 Order.  ECF Doc. 6.  Plaintiff has also ignored that Order.  In fact, Plaintiff has not communicated with the Court in any way since filing a deficient complaint and deficient motion to proceed *in forma pauperis* more than two (2) months ago.

Dismissal is therefore appropriate for Plaintiff's failure to comply with orders of the Court.  *See, e.g.*, *Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) ("Because Frith did not respond despite two warnings from the court that a failure to comply could result in the dismissal of his complaint, the district court properly exercised its discretion in dismissing the complaint.").  As the Eleventh Circuit has stated, a "district court need not tolerate defiance of reasonable orders." *Brown v. Blackwater River Corr. Facility,* 762 F. App'x 982, 985 (11th Cir. 2019) (affirming dismissal for failure to pay the partial filing fee despite show cause orders) (citing *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F. 3d 1232, 1241 (11th Cir. 2009)).  This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Indeed, a "court may dismiss an action *sua sponte* under [Federal Rule of Civil

Case No. 1:22cv155-AW-HTC

Procedure 41(b)] for . . . failure to obey a court order." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citations omitted).

Dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with Court orders.

2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 22nd day of September, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 1:22cv155-AW-HTC